UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EDDIE GUZMAN,

        Plaintiff,

  v.                                        Case No. 20-cv-3-pp

ANDREW SAUL,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is not employed, he is married, and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. It appears that the plaintiff worked for Ocean Spray until May 1, 2019 and that he now receives a pension of $1,717 per month. Id. at 2. The plaintiff's wife is employed, and she has

1

monthly wages or salary of $1,100. Id. The plaintiff and his wife have expenses of $2,660 per month ($700 mortgage, $300 car payments, $350 credit card payment, $1,000 other household expenses, $60 water utility, $100 auto fuel, $150 medications). Id. at 2-3. The plaintiff and his wife own two cars, a 2019 Subaru Forester and a 2003 Honda Accord, the combined value is approximately $31,500. Id. at 3. The couple also owns their home, with approximately $15,000 in equity. Id. They do not own any other property of value, and have $100 in cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I am living on a small + tight budget due to my early retirement due to my CRPS on right foot, as well as my wife left her full-time job + took a part-time job to help me move around the house + being my transportation during my surgeries + recovery time, + appointments." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied benefits by the Commissioner for lack of disability, that he is disabled, and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 7th day of January, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**